### MILLAUDON vs. LAPICE.

The supreme court, whilst sitting in the eastern district, during the term prescribed by the constitution, will not transact business arising in the western.

This was a rule on the judge of the sixth judicial district, presiding at the seventh, to shew cause why a mandamus should not issue to him to grant an appeal from a judgment, rendered by him, overruling certain exceptions to an attachment sued out in the parish of Concordia, by L. Millaudon vs. P. M. Lapice.

In answer to the rule, the judge replied that the judgment was not final—but interlocutory, and no appeal would lie from such.

*Martin, J.* delivered the opinion of the court,

A rule to shew cause, why a mandamus should not issue to the judge of the sixth district, commanding him to allow him an appeal from a judgment lately rendered by him, in the district court for the parish of Concordia, in the seventh district. He has shewn cause. But the party in whose favor was rendered the judgment, from which an appeal is prayed, has contended that we are without authority, while sitting in one district, to act on any business of the other.

We are directed by the constitution, to sit in New Orleans during the months of November, December, January, February, March, April, May, June and July, *for the eastern district;* and during the rest of the year *for the western district.*

It it now asked of us to transact business *for the western*

M 3

Eastern District,
June 1831.

MILLAUDON
vs.
LAPICE.

during the term
prescribed by the
constitution, will
not transact busi-
ness arising in the
western.

district at New Orleans, in the month of June, i. e. at a place and time, quite different from those that have been provided for by the constitution.

It is urged the district judge has shewn cause, and thereby waived any objection on his part, and therefore we can act. Admitting what is extremely doubtful, that the consent of parties would authorize us to act, that of the party in posses-sion of the judgment, is wanting.

It is therefore ordered, that the rule be discharged at the costs of the applicant.